**SO ORDERED.**

**SIGNED this 10 day of January, 2017.**

_____
Joseph N. Callaway
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
FAYETTEVILLE DIVISION

IN RE:

AUDLEY MCDONALD ANDERSON, SR.            CASE NO. 16-00498-5-JNC
MILCA ELIZABETH PARCHMENT                    CHAPTER 13

       DEBTORS

**ORDER DENYING MOTION TO RECONSIDER**

The matter before the court is the debtors' motion to reconsider filed on December 2, 2016, Dkt. 73. A hearing took place on December 19, 2016 in Greenville, North Carolina.

Audley M. Anderson, Sr. and Milca E. Parchment filed a joint petition for relief under chapter 13 of the Bankruptcy Code on February 1, 2016. In their schedules, they listed a 2015 Freightliner "Caranoto" transfer truck as a business asset, subject to a secured lien held by Daimler Truck Financial. Dkt. 1 at 16, 25. They also listed as an asset A&M Transportation, LLC, indicating that the debtors held a 100% interest in the business. Dkt. 1 at 13.

On October 13, 2016, Mercedes-Benz Financial Services USA, LLC ("MBFS"), filed a motion for relief from the automatic stay with respect to a 2015 Freightliner Coronado, Dkt. 54. The motion indicates that the truck was owned by A&M Transportation, Inc. ("A&M"), and that

A&M was the borrower on the loan used to finance the purchase of the truck. Dkt. 54-1 at 2. The certificate of title issued by the North Carolina Division of Motor Vehicles on May 29, 2015 is attached to the Motion as an exhibit, and confirms that the truck is titled to A&M Transportation, *Inc.*, rather than A&M Transportation, *LLC* or the individual debtor. Dkt. 54-1 at 6. MBFS asserted two bases for relief from the automatic stay in the motion: first, that the stay does not apply because the truck is not property of the bankruptcy estate; and second, that MBFS is not adequately protected because it had not received any payments during the bankruptcy case.

On November 1, 2016, the debtors filed a response to MBFS's motion for relief, contending that the truck became Mr. Anderson's individual property when he caused A&M to be dissolved on January 21, 2016. Dkt. 57. The motion was scheduled for hearing on November 30, 2016, at 2:00 p.m. in Raleigh, North Carolina, in conjunction with a separate motion for sanctions in the debtors' case already set for hearing on that date. On November 17, 2016, MBFS filed a response in support of its motion for relief, Dkt. 62, challenging the debtors' legal position that the truck became property of the debtor when the corporation was dissolved.

On November 22, 2016, the court rescheduled the hearing on the motion for sanctions to December 2, 2016, recognizing that unrelated matters scheduled for the afternoon of November 30, 2016, would not allow sufficient time for the court to hear the motion for sanctions. The hearing on the motion for relief was not continued; however, on November 28, 2016, the court moved the hearing on the motion for relief from 2:00 p.m. to 11:00 a.m. on November 30, 2016, and notified all counsel via e-mail of the time change.

At midnight on November 29, 2016, counsel for the debtors filed a motion to continue the "hearings" scheduled for December 3 (sic), 2016. Dkt. 67. Paragraph 2 of the motion to continue indicated that the "Hearing on Motion for Sanctions and Motion for Relief from Stay is scheduled

2

for December 2, 2016." *Id.* at ¶ 2. The motion further indicated that all parties agreed to the continuance. *Id.* at ¶ 4. However, at 11:00 a.m. on November 30, 2016, counsel for MBFS appeared at the hearing and advised the court that he had not been contacted by counsel for the debtors. Because the motion for relief was duly noticed for November 30, 2016, the motion to continue addressed counsel's conflict with December 2, 2016, and counsel for MBFS had not been consulted on the requested continuance, the court heard and allowed the motion for relief. A written order denying the continuance with respect to the motion for relief was entered on December 1, 2016, Dkt. 69, and a written order granting the motion for relief was entered on December 1, 2016, Dkt.70.

On December 2, 2016, the debtors filed the instant motion to reconsider the order granting relief, Dkt. 73, contending that there was a misunderstanding with respect to the continuance of the November 30, 2016 hearing, and that counsel had inadvertently failed to consult with counsel for MBFS regarding the requested continuance. The motion further contended that the debtors had been making payments to the trustee, and that MBFS was adequately protected. The motion to reconsider was scheduled for hearing on December 8, 2016, in Greenville, North Carolina, and later was continued to December 19, 2016, in Greenville, North Carolina. MBFS filed a response in opposition to the motion to reconsider on December 15, 2016, Dkt. 85, disputing that there was excusable neglect and further maintaining that the debtors could not assert a meritorious defense to the motion for relief.

At the hearing on December 19, 2016, the court considered the arguments of debtors' counsel with respect to excusable neglect, and indicated from the bench that it would, for the benefit of the debtors, find excusable neglect. Without ruling, however, the court also expressed skepticism regarding the debtors' argument that corporate property became property of its

shareholders upon dissolution, and gave the parties an opportunity to discuss resolution. After a recess, the parties indicated that they had reached an agreement in principle to allow the debtors to cure the arrearage and retain the truck, subject to verification of the amount of the outstanding payments. However, on January 9, 2017, the parties advised the court that despite best efforts they ultimately were unable to reach an agreement with respect to certain terms of a resolution. Having already conducted a hearing on the motion to reconsider, the matter is ripe for disposition without further hearing, briefing, or argument, and the court is ready to rule on the merits.

As indicated from the bench on December 19, the court recognizes that debtors' counsel was involved in a jury trial during the week of November 30, 2016, and that a mistake was made with respect to the failure to properly seek continuance of that hearing – a mistake that should not be held against the debtors. However, as noted by MBFS, a party must demonstrate a meritorious defense to have an order set aside. *In re Gunboat International, Ltd.*, 557 B.R. 410, 424 (Bankr. E.D.N.C. 2016) ("In order to obtain relief from a judgment under Rule 60(b), a moving party must show . . . that he has a meritorious defense to the action.").

The debtors' contention that the truck is property of the estate by virtue of the prepetition dissolution of A&M (whether an LLC or a corporation) is not accurate under North Carolina law. The certificate of title for the vehicle reflects that the owner of the vehicle is A& M Transportation, Inc., not the male debtor Mr. Anderson. Debtors' counsel's report in the response that A&M Transportation has been dissolved by the Office of the North Carolina Secretary of State and thus the truck is now property of the debtors (and hence the bankruptcy estate) is not accurate. Under North Carolina law, a "dissolution of a corporation does not . . . transfer title to the corporation's property." N.C. Gen. Stat. § 55-14-05(b)(1). The assets of a defunct or dissolving North Carolina corporation cannot be transferred to the detriment of corporate creditors absent their consent or a

4

court order. *See Everett v. Carolina Mortgage Co.* 214 N.C. 778 (1939); and *McIver v. Young Hardware Co.* 144 N.C. 478 (1907). Accordingly, the truck is not property of the debtors or property of the estate, and the automatic stay of § 362 does not apply.

Based on the foregoing, the motion to reconsider is **DENIED**. The order entered on December 1, 2016, Dkt. 70, remains in effect; however, the 14-day period set forth in Rule 4001(a)(3) shall apply from the date of this order. Nothing in this order prevents the debtors from seeking a resolution with MBFS outside of bankruptcy.

## END OF DOCUMENT